**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-J2,<br><br>*Plaintiff*,<br>v.<br><br>251 GOTHAM LLC,<br><br>*Defendants*. | CIVIL ACTION NO. 19-cv-00010 |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND RELATED RELIEF**

Plaintiff The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certification of CWALT, Inc., Alternative Loan Trust 2007-J2, Mortgage Pass-Through Certificates, Series 2007-J2 ("Plaintiff") files this *First Amended Complaint for Declaratory and Related Relief* (this "Complaint") and states as follows:

**I.**
**INTRODUCTION**

1. This Complaint seeks a declaratory judgment and related relief declaring that non-parties Kathy LaFortune ("LaFortune") and James F. Padilla ("Padilla") lacked the ability or authority to convey real property located at 251 Gotham Avenue, Elmont, NY 11003 (the "Property") to Defendant 251 Gotham LLC ("251 Gotham" or "Defendant") and that the purported conveyance of that Property is null and void and of no legal effect.

2. At the time when non-parties LaFortune and Padilla (collectively, the "Borrowers") conveyed the Property to 251 Gotham, they had surrendered their entire interest in

1

the Property in an earlier bankruptcy proceeding. As a result of the surrender, neither of the Borrowers had a valid interest in the Property that they could convey to 251 Gotham.

3. In addition, at the time of the conveyance of the Property to 251 Gotham and the time of this Complaint, Padilla is a debtor in a separate chapter 13 bankruptcy case pending in this judicial district.  In connection with his pending bankruptcy case, Padilla never listed on his bankruptcy schedules or otherwise disclosed possessing any interest in the Property. Accordingly, in the alternative, to the extent Padilla possessed any interest in the Property at the time of the conveyance to 251 Gotham, notwithstanding his earlier surrender, that interest may have been property of the estate in his current chapter 13 bankruptcy case.  Therefore, because Padilla did not obtain an order from the U.S. Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court"), in which his chapter 13 case was and remains pending, approving the conveyance of the Property to 251 Gotham, the conveyance is null and void and without authorization.

4. Plaintiff seeks declaratory and related relief that 251 Gotham did not receive any interest in the Property by virtue of the Borrowers' attempted conveyance to it because the Borrowers surrendered their interests in the Property during their joint bankruptcy, that such interests remain surrendered, that they possessed no interest in the Property at the time of the attempted conveyance, and, as a result, 251 Gotham does not own or possess any interest in the Property.  In the alternative, Plaintiff seeks further declaratory and related relief that 251 Gotham did not receive any interest in the Property by virtue of the Borrowers' attempted conveyance to 251 Gotham because Padilla's purported conveyance of an interest in the Property to 251 Gotham is null and void because any interest in the Property that Padilla might have had may be part of the bankruptcy estate in his pending chapter 13 case, and the attempted conveyance to

251 Gotham was made without Bankruptcy Court approval under section 363(b) of the Bankruptcy Code.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it concerns the interpretation and application of federal statutes in title 11 of the United States Code (the "Bankruptcy Code").

6. This Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1334(b) because this constitutes a civil proceeding "related to" the: (a) chapter 13 bankruptcy case of the Borrowers, *see In re Kathy LaFortune and James Padilla*, Case No. 11-bk-04954, in the Bankruptcy Court (the "Joint Bankruptcy Case"); and (b) the chapter 13 bankruptcy case of Padilla, *see In re James Padilla*, Case No. 16-bk-01857, pending in the Bankruptcy Court (the "Padilla Bankruptcy Case"), *see* 28 U.S.C. § 1334(b).

7. This Court further has exclusive jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1334(e)(1) because, to the extent Padilla had not irrevocably surrendered any interest in the Property prior to the conveyance to 251 Gotham, any such interest may be property of the estate in the Padilla Bankruptcy Case. The Padilla Bankruptcy Case is pending in this judicial district, and pursuant to section 1334(e)(1), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—*of all the property, wherever located*, *of the debtor as of the commencement of such case*, and of property of the estate." 28 U.S.C. § 1334(e)(1) (emphasis added).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3

9. The relief requested in this Complaint is based upon 28 U.S.C. §§ 2201 and 2202, and involves the application and interpretation of 11 U.S.C. §§ 105(a), 363(b), 521(a)(2) (a)(4), 541, 1325(a)(5)(C), and 1327.

### III.
### PARTIES

10. *Plaintiff* – Plaintiff is a common law trust formed under the laws of the State of New York, acting through its trustee, The Bank of New York Mellon f/k/a The Bank of New York (the "Trustee"), which is a New York state-chartered bank with headquarters located at 240 Greenwich Street New York, NY 10286. The Trustee, in turn, acts through Bayview Loan Servicing LLC ("Bayview") as mortgage servicer for the Property and authorized agent for the Trustee.

11. *Defendant 251 Gotham* – 251 Gotham is a limited liability company organized under the laws of New York with its principal place of business located at, on information and belief, 18-65B Steinway Street, Suite 4, Astoria, New York 11105. 251 Gotham may be served with process through its registered agent, The Limited Liability Company, located at 18-65B Steinway Street, Astoria, New York 11105, or in accordance with the applicable Federal Rules of Civil Procedure.

### IV.
### BACKGROUND

**A.   The Mortgage Transaction**

12. On or about December 19, 2006, non-party LaFortune executed a promissory note in the principal sum of $316,000.00 (including all addendums thereto, the "Note") made payable to American Brokers Conduit. Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct copy of the Note.

13. The Note is secured by a recorded Mortgage (the "Mortgage") executed by the Borrowers encumbering the Property. The Mortgage was recorded in the real property records of Nassau County, New York on December 28, 2006. Attached hereto as **Exhibit B** and incorporated herein by reference is a true and correct copy of the Mortgage.

14. Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee of the lender and the lender's successors in the Mortgage. The Mortgage was assigned from MERS to Plaintiff by assignment (the "Assignment") dated April 22, 2009, which was recorded in the real property records of Nassau County, New York on April 30, 2009. Attached hereto as **Exhibit C** and incorporated herein by reference is a true and correct copy of the Assignment.

15. Plaintiff is the mortgagee under the Mortgage.

**B.    The Joint Bankruptcy Case**

16. On December 2, 2011, the Borrowers commenced the Joint Bankruptcy Case by filing a chapter 13 petition with the Bankruptcy Court. *See* Case No. 11-bk- 04954 at Dkt. No. 1.

17. The Borrowers' schedules filed in the Joint Bankruptcy Case listed an ownership interest in the Property. *See* Case No. 11-bk-04954 at Dkt. No. 1, p. 20.

18. On December 2, 2011, the Borrowers filed their chapter 13 plan in the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 2. The Borrowers' chapter 13 plan provided for surrender of the Property. *See* Case No. 11-bk-04954 at Dkt. No. 2, p. 3.

19. On April 30, 2012, the Bankruptcy Court entered an order confirming the Borrowers' chapter 13 plan in the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 18. Upon confirmation of the Borrowers' chapter 13 plan, their interest in the Property was surrendered, and they no longer possessed an ownership interest in the Property.

20. On April 25, 2016, Padilla filed a motion to be dismissed from the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 61.

21. On June 16, 2016, the Bankruptcy Court entered an order dismissing Padilla from the Joint Bankruptcy Case. *See* Case No. 11-bk-04954 at Dkt. No. 73. The Bankruptcy Court's June 16, 2016 order also provided that: "The case remains pending as to debtor Kathy Lafortune." *Id.*

22. LaFortune was never dismissed from the Joint Bankruptcy Case. She completed her chapter 13 plan and received a discharge on May 11, 2017. *See* Case No. 11-bk-04954 at Dkt. No. 101. The Joint Bankruptcy Case was closed on June 8, 2017. *See* Case No. 11-bk-04954 at Dkt. No. 103.

**C.    The Padilla Bankruptcy Case**

23. On June 7, 2016, after being dismissed from the Joint Bankruptcy Case, Padilla commenced the Padilla Bankruptcy Case by filing a chapter 13 petition with the Bankruptcy Court. *See* Case No. 16-bk-01857 at Dkt. No. 1.

24. Padilla's original and amended bankruptcy schedules filed in the Padilla Bankruptcy Case did not list an interest in the Property. *See* Case No. 16-bk-01857 at Dkt. Nos. 1 and 23.

25. To the extent Padilla retained any interest in the Property following his surrender of the Property in the Joint Bankruptcy Case, he has never disclosed that interest in the Padilla Bankruptcy Case, nor has he ever sought approval from the Bankruptcy Court to convey his alleged interest in the Property to 251 Gotham.

26. As of the date of this Complaint, the Padilla Bankruptcy Case remains pending in the Bankruptcy Court.

**D.    The Borrower Defendants' Purported Conveyance of the Property to 251 Gotham**

27. On or about February 23, 2018, while the Padilla Bankruptcy Case remained pending, the Borrowers purported to convey the Property to 251 Gotham by executing and

acknowledging a document titled "Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)" (the "Deed"). The Deed purported to forever convey "all right, title and interest" of the Borrowers in the Property to 251 Gotham.

28. On information and belief, the consideration paid by 251 Gotham in exchange for the purported conveyance of the Property from the Borrowers was $25,000.

29. On May 10, 2018, the Deed was recorded in the Nassau County, New York real property records.

## V.
## CLAIMS FOR RELIEF

**COUNT 1** – *Declaratory and Injunctive Relief – Rescinding the Purported Deed from Borrowers to 251 Gotham Because the Borrowers' Interests in the Property were Surrendered in the Joint Bankruptcy Case*

30. Plaintiff repeats and re-alleges Paragraphs 1–29 of this Complaint as if fully set forth herein.

31. The Borrowers' chapter 13 plan in the Joint Bankruptcy Case required them to surrender all of their entire interest in the Property.

32. The Bankruptcy Court entered an order confirming the Borrowers' chapter 13 plan.

33. Upon the Bankruptcy Court's entry of the order confirming the Borrowers' chapter 13 plan, all of the Borrowers' interests in the Property became irrevocably surrendered.

34. The Borrowers' interests in the Property remained surrendered following Padilla's dismissal from the Joint Bankruptcy Case.

35. The Borrowers' interests in the Property remained surrendered following LaFortune's completion of the chapter 13 plan in the Joint Bankruptcy Case.

36. The Borrowers' interests in the Property remained surrendered following the Joint Bankruptcy Case being closed.

37. At the time of the purported conveyance of the Property from the Borrowers to 251 Gotham, the Borrowers had already surrendered their interests in the Property and had no interest in the Property to convey to 251 Gotham.

38. Because the Borrowers had already irrevocably surrendered their entire interests in the Property, the purported conveyance of the Property to 251 Gotham is null and void, without any legal effect.

39. Plaintiff is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 that: (a) the Borrowers irrevocably surrendered their entire interest in the Property in the Joint Bankruptcy Case; (b) the Borrowers' purported conveyance of the Property to 251 Gotham through the Deed is null and void, without any legal effect; (c) 251 Gotham possesses no interest in the Property through the Deed or otherwise; and (d) the Deed from the Borrowers to 251 Gotham must be rescinded because it clouds title to the Property.

**COUNT 2 –** *Declaratory and Injunctive Relief – Rescinding the Deed from Borrowers to 251 Gotham Because Padilla had no Interest in the Property to Convey to 251 Gotham and He Lacked Authority or Approval to Enter into the Deed Transaction*

40. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1–29 of this Complaint as if fully set forth herein.

41. In the alternative, to the extent Padilla possessed any interest in the Property at the time he commenced the Padilla Bankruptcy Case, notwithstanding his surrender of his interest in the Joint Bankruptcy Case, all of his non-exempt assets and any interest in the Property he might claim he may have had became part of his bankruptcy estate in the Padilla Bankruptcy Case. *See* 11 U.S.C. § 541. Padilla never obtained approval from the Bankruptcy Court to convey any interest he may have had in the Property to 251 Gotham.

8

42. Moreover, Padilla's schedules filed in the Padilla Bankruptcy Case did not list an interest in the Property.

43. Padilla therefore could not convey to Gotham 251 any unlisted and undisclosed interest in the Property he may have had pursuant to 11 U.S.C. § 363(c).

44. To the extent that Padilla had any interest in the Property as of the commencement of the Padilla Bankruptcy Case, Padilla's purported conveyance of any such interest in the Property he may have had through the Deed to 251 Gotham did not comply with section 363 of the Bankruptcy Code and the purported conveyance was therefore null and void, without any legal effect.

45. Plaintiff is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 that (a) any interest in the Property that Padilla may have had at the commencement of the Padilla Bankruptcy Case became part of his bankruptcy estate; (b) Padilla's purported conveyance of whatever interest he may have had in the Property to 251 Gotham through the Deed is null and void, without any legal effect; (c) Gotham 251 currently possesses no interest in the Property through the Deed or otherwise; and (d) the Deed from the Borrowers to 251 Gotham must be rescinded because it clouds title to the Property.

## VI.
## ATTORNEYS' FEES

46. Pursuant to the terms and conditions of the Mortgage, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees and costs in protecting its interest in the Property to the extent it prevails upon the claims pleaded in this Complaint. *See* Ex. B. Plaintiff requests that the Defendant be ordered to make payment of these amounts.

## VII.
## **PRAYER**

WHEREFORE, Plaintiff demands judgment in its favor on all counts alleged herein against the Defendant and requests the Court grant the following relief:

a. Entering a declaratory judgment that the Borrowers' purported conveyance of the Property to 251 Gotham through the Deed is null and void, without any legal effect;

b. Entering a declaratory judgment that 251 Gotham possesses no interest in the Property through the Deed or otherwise;

c. Entering a judgment granting injunctive relief that the Deed from the Borrowers to 251 Gotham must be rescinded and that 251 Gotham is further enjoined from taking any further action in connection with a purported interest in the Property;

d. Approving Plaintiff's recovery of reasonable and necessary attorneys' fees and costs; and

e. Granting such other and further relief that Plaintiff is entitled to and that the Court deems just and proper under the circumstances.

**DATED** January 23, 2019.

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/ Michael De Simone*_____
Brendan I. Herbert (*pro hac vice forthcoming*)
Florida Bar No. 76925
Michael De Simone (*admitted pro hac vice*)
Florida Bar No. 119739
777 South Flagler Drive, Suite 215-East
West Palm Beach, Florida 33401
(561) 833-7700 (Telephone)
(561) 655-8719 (Facsimile)
brendan.herbert@lockelord.com
michael.desimone@lockelord.com

Thomas A. Connop (*admitted pro hac vice*)
Texas Bar No. 04702500
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)
tconnop@lockelord.com

Stephen J. Humeniuk (*admitted pro hac vice*)
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
stephen.humeniuk@lockelord.com

**COUNSEL TO PLAINTIFF THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATION OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-J2**