# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, etc., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 19-0010-WS-N<br>) |
| 251 GOTHAM LLC, | )<br>) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss and/or for other relief. (Doc. 17). The parties have filed briefs and other materials in support of their respective positions. (Docs. 17, 23-25). After careful consideration, the Court concludes that subject matter jurisdiction appears to exist under 28 U.S.C. § 1334(b), that this case is thus to be referred to the District's bankruptcy judges, and that the defendant's motion (including the question of jurisdiction under Section 1334), is to be resolved by the Bankruptcy Court, to the extent consistent with Article III of the Constitution.

## BACKGROUND

According to the amended complaint, (Doc. 12), the plaintiff is the mortgagee of certain real property located in Nassau County, New York ("the Property"). The mortgagors are two individuals (LaFortune and Padilla, collectively, "the Borrowers"). While the mortgage was in effect, recorded and unsatisfied, the Borrowers commenced a joint Chapter 13 bankruptcy case in this District ("the Joint Bankruptcy"), listing an ownership interest in the Property. The Bankruptcy Court entered an order confirming the Borrower's Chapter 13 plan, which provided for surrender of the Property. Padilla later successfully

moved for dismissal from the Joint Bankruptcy, while LaFortune completed her Chapter 13 plan and received a discharge. Padilla filed his own Chapter 13 bankruptcy case in this District ("the Padilla Bankruptcy"), in which he never identified any interest in the Property.

In February 2018, nine months after LaFortune received a discharge and twenty months after the Padilla Bankruptcy was filed, the Borrowers purported to convey the Property by deed to the defendant. The plaintiff filed this declaratory judgment action seeking a declaration that the conveyance is null and void, that the defendant holds no interest in the Property, and that the deed be rescinded as a cloud on title. The amended complaint asserts that the interest of both Borrowers in the Property was irrevocably surrendered upon confirmation of the Chapter 13 plan in the Joint Bankruptcy. The amended complaint further asserts that, to the extent Padilla retained any interest in the Property after his dismissal from the Joint Bankruptcy, his failure to list the Property as an asset in his bankruptcy schedules, and his failure to obtain approval from the Bankruptcy Court to transfer any interest in the Property, precluded any effective conveyance.

The defendant moves to dismiss on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) failure to state a claim on which relief can be granted; and (5) lack of standing. As a last-resort alternative, the defendant seeks a change of venue to the Eastern District of New York.

**DISCUSSION**

As grounds for subject matter jurisdiction, the plaintiff invokes 28 U.S.C. §§ 1331, 1334(b) and 1334(e)(1). (Doc. 12 at 3). With exceptions not relevant here, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The parties focus on the "related to" prong of this provision.

2

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re: Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (internal quotes omitted). This test is "liberal" and "extremely broad." *Id*. The parties agree with this formulation of the test, (Doc. 17 at 4-5; Doc. 23 at 16-17), but they disagree as to its application here.

The defendant first suggests that "related to" jurisdiction can only be invoked in the context of an adversary proceeding, not in the context of a separate civil action. (Doc. 17 at 5). The defendant cites no authority for this proposition, which is easily refuted. *See, e.g., Carter v. Rodgers*, 220 F.3d 1249, 1251-54 (11th Cir. 2000) (the debtor's separate civil action against the trustee triggered "related to" jurisdiction).

The defendant next posits that "related to" jurisdiction does not exist because Padilla "is no longer the owner of the [P]roperty." (Doc. 17 at 5). This unamplified *ipse dixit* is a *non sequitur*. The return of property that (as the amended complaint alleges) has been wrongfully removed from the estate plainly impacts the handling and administration of the estate, because it increases the assets of the estate. *See Carter*, 220 F.3d at 1253 (a civil action alleging wrongdoing in the sale of property belonging to the estate "related to" the bankruptcy case, because "[a]ny recovery would reduce the administrative expenses of the sale of the estate property and perforce increase the amount of estate property available to satisfy creditors' claims."); *In re: Toledo*, 170 F.3d at 1345-47 (a claim seeking a determination of the extent and priority of liens and other interests in certain estate property supported "related to" jurisdiction,

because it could result in "the possible partial satisfaction and consequent downward adjustment of the claim filed against the Estate by" the particular creditor, thereby affecting the estate's interest in the property).

The defendant's principal argument is that a New York state court in a quiet title action has already entered an adverse decision, binding on the plaintiff, regarding the issue it raises herein. According to the defendant, this means that, "[a]ssuming *arguendo* that the Plaintiff were to prevail in the instant action, any judgment would be completely moot and invalid" as contrary to the state decision and judgment. (Doc. 17 at 5-7). As phrased, the argument cannot avail, because it presupposes that the plaintiff will prevail in this action and so obtain a federal judgment that the transfer of the Property to the defendant is null and void, thus returning the Property to the estate and increasing its assets and thereby satisfying "related to" jurisdiction as discussed in the preceding paragraph.

If what the defendant intended to argue is that the plaintiff cannot prevail in this action because the state judgment precludes that result, the question becomes whether the plaintiff "conceivably" could prevail despite the state judgment. Clearly, and for multiple reasons, the plaintiff could do so.

First, "[i]t has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (internal quotes omitted). *Grupo Dataflux* was decided in the context of diversity jurisdiction, but it has been applied in other contexts. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (standing); *Damiano v. Federal Deposit Insurance Corp.*, 104 F.3d 328, 333 (11th Cir. 1997) (FIRREA). More specifically, "if 'related to' jurisdiction actually existed at the time of … removal of the [action] to the district court," then "a subsequent event cannot divest the court of that subject matter jurisdiction." *In re: Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997). This action was filed on January 11, 2019, and the state decision and judgment were not entered until on or after January 28, 2019. (Docs. 17-1, 17-2). Because there was no state ruling on

4

January 11, 2019, it could not on that date have eliminated any conceivable impact of this action on the handling and administration of the estate, and the jurisdiction that attached upon the filing of this action cannot be lost by later events.

Second, the state ruling remains non-final for purposes of gauging the conceivability the plaintiff can prevail in this action. There is currently pending before the state trial court a motion to vacate the judgment, (Doc. 23 at 12 n.4), and there exists the prospect of appeals thereafter. As long as the state ruling remains capable of being overturned within the state system, the defendant has failed to show that it eliminates the conceivability of the plaintiff's success herein.

Third, the plaintiff has made a persuasive showing that, if Padilla maintained any interest in the Property in the Padilla Bankruptcy despite surrendering that interest in the Joint Bankruptcy, that interest was at all times property of the estate and subject to the Bankruptcy Court's exclusive jurisdiction, so as to render void any ruling by the state court. (Doc. 23 at 17-20). The defendant has neither effectively challenged the plaintiff's argument nor shown that a void state judgment could render the plaintiff's success in this lawsuit impossible.

In its reply brief, the defendant raises additional arguments against "related to" jurisdiction. Essentially, the defendant argues that the return of the Property to the estate could not impact the estate because: (1) both bankruptcy cases have been dismissed; (2) the Borrowers have no equity in the Property; (3) the bankruptcy cases were brought under Chapter 13, where no liquidation occurs; and (4) the state court ruled that the plaintiff cannot foreclose the mortgage because the statute of limitations has run. (Doc. 24 at 5, 7-8). The Court considers these arguments in turn.

LaFortune received a discharge in May 2017, and the Joint Bankruptcy was closed in June 2017, (Doc. 12 at 6), before this action was filed. The Padilla Bankruptcy was dismissed in February 2019, after this action was initiated. *In re: Padilla*, 16-bk-01857, Doc. 98. Padilla's plan of reorganization, however, was

confirmed in December 2016 and was last amended in July 2018, *id.*, Docs. 50, 60, with both dates preceding the filing of this action.

The defendant apparently assumes that "related to" jurisdiction expires with the confirmation of a plan and/or the closing of a bankruptcy case. The defendant is incorrect. "Though courts have varied the standard they apply post-confirmation, the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding …. Matters that affect the interpretation, implementation, consummation, execution or administration of the confirmed plan will typically have the requisite close nexus." *In re: Resorts International, Inc.*, 372 F.3d 154, 166-67 (3rd Cir. 2004); *accord In re: Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013); *Valley Historic Limited Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007); *In re: Craig's Stores, Inc.*, 266 F.3d 388, 391 (5th Cir. 2001); *In re: Thickstun Brothers Equipment Co.*, 344 B.R. 515, 522 (6th Cir. 2006); *In re: Peterson*, 6 Fed. Appx. 837, 839 (10th Cir. 2001). The Eleventh Circuit apparently has not adopted this or any other standard for gauging "related to" jurisdiction in the post-confirmation context,[1] but the Court perceives no reason to doubt that it would follow the lead of the six Circuits listed above.

As noted, the plaintiff persuasively asserts that – assuming Padilla in the Padilla Bankruptcy retained any interest in the Property despite surrendering that interest in the Joint Bankruptcy – the Property was property of the estate and that Padilla's alienation of the Property occurred without approval of the Bankruptcy Court – indeed, without ever listing the Property as an asset of the estate. (Doc. 23 at 9). The defendant does not attempt to explain, and the Court cannot discern, how such a course of conduct could fail to affect the interpretation,

---

[1] *Overton v. Chrysler Group, LLC*, 2018 WL 847772 at *4 (N.D. Ala. 2018).

implementation, consummation, execution or administration of Padilla's confirmed plan.[2]

It is not clear that the Bankruptcy Court lost all possibility of jurisdiction over the Joint Bankruptcy once the case was dismissed. *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009) (Bankruptcy Court "plainly had jurisdiction to interpret and enforce its own prior orders" in a Chapter 11 case, even a decade after the case was closed). But it is quite clear, for reasons previously given, that the dismissal of the Padilla Bankruptcy after this action was filed came too late to sever the post-confirmation "related to" jurisdiction that attached upon that filing.

The defendant's remaining arguments work together to support the proposition that no creditor could benefit from a return of the Property to the estate. Other creditors cannot benefit, the defendant says, because the Property is not available to them – both because it cannot be liquidated in a Chapter 13 case and because there is no equity above the plaintiff's security interest that could inure to their benefit. The plaintiff cannot benefit, the defendant continues, because it is too late for it to foreclose on its security interest.

As noted, in the post-confirmation context, the test for "related to" jurisdiction is not benefit to the creditors but impact on the interpretation, implementation, consummation, execution or administration of the plan. Even if benefit to the creditors from a return of the Property to the estate were required, however, it appears to exist.

For the proposition that the plaintiff cannot benefit from the Property's return to the estate, the defendant relies on the New York state order and

---

[2] The Court defers to the Bankruptcy Court as to the interpretation of the plan of reorganization it approved. However, the Court notes that the confirmed plan makes no reference to the Property, much less to its disposition as part of the plan. On the contrary, the plan specifies that property of the estate will revert to Padilla only upon discharge or dismissal. (Doc. 30 at 3). Padilla's sale of the Property to the defendant prior to discharge or dismissal, and without any judicial approval of same, thus appears to be in gross violation of the confirmed plan.

7

judgment. As discussed above, the state court ruling is not final, is not immune from appeal, and may be void. It therefore remains open whether the plaintiff is precluded by the statute of limitations from enforcing its security interest. But even if the plaintiff is no longer a secured creditor, it is still a creditor. The assignment of mortgage, by which the plaintiff claims its rights, assigns the mortgage "TOGETHER with the notes described in said mortgage, and the moneys due and to grow due thereon with interest." (Doc. 12-3 at 3). Ownership of the note makes the plaintiff a creditor even if its position is unsecured. And if the plaintiff is an unsecured creditor, the other creditors of Padilla can also benefit from the Property's return to the estate even if the plaintiff's claim exceeds the value of the Property. The defendant does not explain its doubtful position that a creditor can benefit only from liquidation but, even if it is correct in this respect, it has failed to show that the creditors could not have sought or obtained conversion to a chapter providing for liquidation.

The Court concludes that it appears it has subject matter jurisdiction pursuant to 28 U.S.C. § 334(b). "Each district court may provide that any or all cases … related to a case under title 11 shall be referred to the bankruptcy judges for the district." *Id*. § 157(a). This District has adopted a standing order providing in relevant part that "all proceedings … related to a case under Title 11 are referred to the bankruptcy judges for this district." Standing Order of Reference dated August 25, 2015.

## CONCLUSION

For the reasons set forth above, this case is **referred** to the Bankruptcy Judges for this District for resolution of the defendant's motion to dismiss (including definitive resolution of the question of jurisdiction under Section 1334) and all other proceedings, consistent with Article III of the Constitution. Should the Bankruptcy Court find no subject matter jurisdiction under Section 1334, the

8

Court will entertain a motion to withdraw the reference pursuant to Section 157(d) for consideration of the plaintiff's alternative jurisdictional grounds.

DONE and ORDERED this 19th day of April, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE